**William S. SILSBY, Jr.**

v.

**BETTER HOMES, INC. and Savage Lumber Company, Inc.**

Supreme Judicial Court of Maine.

Nov. 6, 1970.

Silsby & Silsby, Herbert T. Silsby, II, Ellsworth, for plaintiff.

Paine, Cohen & Lynch, Errol K. Paine, Bangor, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE and POMEROY, JJ.

WEBBER, Justice.

These are consolidated appeals from two decisions rendered in the Superior Court, one in the case of Silsby v. Better Homes, Inc. (Homes) (Civil #8834) and the other in the case of Silsby v. Savage Lumber Company, Inc. (Savage) (Civil #8836). Judgment was for the plaintiff in each case.

In 1964 one Gosselin gave a mortgage on Property A to the Bangor Savings Bank. In 1965 Gosselin gave a mortgage to Homes covering both Property A and Property B. On December 20, 1966 Homes commenced foreclosure of its mortgage. On January 27, 1967 Gosselin brought action to redeem the Homes mortgage. This action culminated in a Law Court decision

August 27, 1969 reported in 256 A.2d 629, in effect authorizing the Court below to enlarge the time for redemption and fix the amount then due. On January 11, 1968 the Bank commenced foreclosure of its mortgage. On December 11, 1968 Homes took an assignment of Bank's first mortgage on Property A. On December 13, 1968 Homes assigned the first (Bank) mortgage on Property A to Savage. On January 3, 1969 Gosselin gave Silsby a third mortgage on Property A. On January 6, 1969 Silsby, with knowledge of the assignment from Bank to Homes but without actual knowledge of the later assignment from Homes to Savage made demand on Homes for an assignment of the first, (Bank) mortgage on Property A, offering simultaneously to waive the foreclosure thereof which Bank had instituted. Homes responded by forwarding Silsby a check for the amount due on his mortgage and requesting an assignment thereof. Silsby immediately returned the check and on January 9, 1969 brought action against Homes *to compel an assignment of the first (Bank) mortgage on Property A*. On the same date the attorney who acted for both Homes and Savage informed Silsby by letter of the Savage assignment and tendered Savage's check for the amount due him, requesting an assignment to Savage of Silsby's mortgage. On January 10, 1969 (the last day of the redemption period on the first mortgage) Silsby returned the Savage check as unacceptable, made demand on Savage *for an assignment of the first mortgage* and simultaneously brought suit against Savage to compel the assignment, again offering to waive foreclosure thereof.

These two cases came on to be heard together upon the pleadings, exhibits and the arguments of counsel. No oral evidence was taken. That some confusion ultimately resulted we attribute in large part to the peculiar circumstances of this case. It seems apparent that Homes and Savage were, if not under common ownership, at least under common management

and their interests, although technically separate, were for all practical purposes the same. As already noted, they were represented throughout by the same attorney. On the other side Silsby was at once third mortgagee plaintiff and attorney for Gosselin, both having closely shared interests. It is not surprising, then, that we find plaintiff now asserting that the issue presented to the single Justice below was whether or not the Savage first and the Homes second mortgages should be discharged or assigned to Silsby, whereas counsel for defendants asserts that the issue was whether Homes and Savage should discharge their mortgages or give a deed or deeds to Gosselin. These were very practical matters which very naturally concerned the parties and their counsel below, but they had little to do with the technical issues actually raised by the pleadings and now presented on appeal.

In #8834 the Justice below mistakenly treated the complaint as one seeking an assignment of the mortgage held by Homes constituting a first mortgage lien on Property B and a *second* mortgage lien on Property A. Correctly computing the amount due thereon, he ordered Homes to assign this mortgage to Silsby. Plaintiff first seeks to avoid the error below by resort to the provisions of M.R.C.P., Rule 54 (c), which in pertinent part provides: " * * * every judgment shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings." In so saying, plaintiff confuses the basic "claim" which must be stated in accordance with M.R.C.P., Rule 8(a) and various forms of "relief" by judgment to which plaintiff may become entitled, once his "claim" is proven. One does not, for example, become entitled to damages for breach of contract B when his "claim" is based solely on a breach of contract A. If such were not the rule, it would be virtually impossible for a defendant effectively to plead and defend. In the instant case the defendant set up as its first af-

firmative defense that "it is not the owner of the mortgage which the Plaintiff seeks to have assigned." This defense was fully sustained since it is not disputed that the *first* (Bank) mortgage on Property A to which plaintiff's "claim" was addressed was then owned by Savage.

Plaintiff's second contention is that the decision is at most "harmless error." In so saying, he calls our attention to the effect of the decision in #8836 (subsequently discussed herein) and contends that the #8834 decision does no more than afford Homes the equitable protection which it was entitled to receive in #8836. We cannot agree. Each decision must stand alone. In #8834 the statutory requirements (14 M.R.S.A. Sec. 6205) have not been met and there is no proof to sustain a requirement by court order that Homes assign its mortgage. This is prejudicial and reversible error as to Homes.

In #8836 a different situation is presented. Here the plaintiff was proceeding properly against Savage, the true owner of the assigned first mortgage. He had made the demand for assignment upon Savage as required by 14 M.R.S.A. Sec. 6205, and had seasonably instituted action. As a junior mortgagee, he satisfied the Court that he was entitled to an assignment of the first mortgage held by Savage as provided by the statute.

Defendant Savage contends in effect that plaintiff lost his statutory right because he was tendered payment in full of his third mortgage. It should be noted that the tender to Silsby was accompanied by a demand for *assignment* of his third mortgage. There is no statutory provision under which the holder of a *prior* mortgage can compel the assignment of a *subsequent* mortgage. Obviously the statute contemplates that the prior mortgagee must rest on the security of his lien. His position is not endangered by foreclosure action of a junior mortgagee. In our view, however, the result would have been the same if Savage had demanded a *discharge*

rather than an assignment. A tender is effective only if made by a person who has a right to make it. In 36 Am.Jur. 909, Sec. 441 it is stated: "In order that a tender of a mortgage debt shall have the effect of extinguishing the lien of the mortgage, it must be made by a person having the right to make it. * * * As a general rule, however, a tender, to be effective, must be made by or in behalf of one *holding an interest, subject to the mortgage.* It is recognized in all cases that a stranger cannot make a tender sufficient to discharge the lien of a mortgage." (Emphasis ours.) And in 59 C.J.S. Mortgages § 446, page 692 we read: "A stranger, on the other hand, or a mere volunteer can claim no right to pay off the mortgage, nor can he compel the mortgagee to accept his tender of the amount due or found any rights under the mortgage or in the mortgaged property on such tender * * *; and this is also true of one who claims an interest *in the estate not under or subject to the mortgage * * *.*" (Emphasis ours.) With reference to the italicized portions of the above quoted texts, it should be noted that a prior mortgage is not "under or subject to" a subsequent mortgage. Neither our research nor that of counsel has produced a case involving a tender under circumstances similar to those presented here. We think, however, that the general statement found in Sinclair v. Learned (1883) 51 Mich. 335, 16 N.W. 672, 674 has application:

"The tender proposed to be proved appears to have been made by the plaintiff. The objection to it was that the plaintiff was not in position to make it. He was not mortgagor or the grantee of the mortgagor, or in any manner, at that time, *interested in the equity of redemption.* He had tax titles, it is true, but these were not *subject to the mortgage.* There was no offer to show that the tender was made for, or in the interest or at the request of, the mortgagor. It was therefore made by one who, *as between the mortgagor and mortgagee, was a stranger to their dealings,* and an in-

termeddler. Nothing is plainer than that such a person *has no right of redemption.* If the mortgagee had accepted the money, he could not afterwards have claimed rights under the mortgage; but it is assumed that he refused it, and this he clearly had a right to do. \* \* \* The alleged tender, if made, was therefore immaterial." (Emphasis ours.)

We conclude that the tender by Savage to Silsby, rejected by the latter, under the circumstances of this case accomplished nothing.

■ Finally, defendant Savage contends that the decree in #8836 clearly fails to protect the rights of intermediate lienholders as contemplated by the statute. In this connection, 14 M.R.S.A. Sec. 6205 provides:

"If the court, upon hearing, shall be of the opinion that the owner of such prior mortgage will not be injured or damaged in his property matters and rights by such assignment, and that such assignment will better protect the rights and interests of the owner of such subsequent mortgage, *and that the rights and interests of any other person in and to the same real estate, or any part thereof, will not be prejudiced or endangered thereby,* the court, in its discretion, may order and decree that such prior mortgage and the debt thereby secured, shall be assigned by the owner thereof to the owner of such subsequent mortgage upon his making payment." (Emphasis ours.)

It is obvious that this statute is equitable in nature and is designed and intended to confer broad discretionary powers upon the court such as will enable it to afford the desired protection to the prior and junior mortgagees and to "any other person" having "rights and interests." In this case the decree afforded protection to Savage by requiring that it be paid in full, the amount having been accurately computed by the Court. Silsby was protected by the assignment which he was to receive together with "all right, title and interest which the mortgagee has gained by virtue of said mortgage and the foreclosure proceedings." It is apparent, however, that no protection was afforded in this decree to Homes as second mortgagee of Property A, presumably because the Justice below was under the erroneous impression that Homes was fully protected by the decree in #8834. There can be no doubt that the Justice below intended to provide adequate protection for Homes and opportunity should be afforded to amend the decree accordingly. This can be readily accomplished by making the order which compels the Savage assignment conditional upon plaintiff's tendering to Homes the amount found to be due on the second mortgage. This assumes that the Homes mortgage remains unpaid. Alternatively, the Court may discover that the Homes mortgage has already been redeemed by Gosselin pursuant to our decision in 256 A.2d 629, in which case it could be disregarded. We note additionally that each party has expressed concern for the interests of certain attaching creditors. A list of these creditors appears as an exhibit but the record is silent as to whether their attachments are valid or have been preserved. An opportunity should be afforded for the reopening of the evidence for the purpose of satisfying the Court as to the status of the Homes mortgage and of these attachments and their right, if any there be, to the protection of the Court.

The entry will be

In #8834 Appeal sustained. Judgment for the defendant. In #8836 Appeal sustained. Case remanded for alteration of decree and for further proceedings not inconsistent with this opinion.

MARDEN, J., did not sit.